UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KBM WORLDWIDE, INC.,

                      Plaintiff,

-against-

REVOLUTIONS MEDICAL CORPORATION
and RONDALD WHEET,

                      Defendants.
-----------------------------------------------------------X

ORDER

CV 15-cv-816
(Wexler, J.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 15 2016 ★
LONG ISLAND OFFICE

WEXLER, District Judge:

Plaintiff KBM Worldwide Inc. ("KBM") commenced this action against defendants Revolutions Medical Corporation (the "Corporate Defendant") and Rondald Wheet (the "Individual defendant") pursuant to the Securities Exchange Act of 1934 and seeking, *inter alia*, issuance of shares of the Corporate Defendant's stock in compliance with agreements between the parties. On March 9, 2015, the Court signed an Order enjoining the defendants or their agents from interfering with, prejudicing, or impeding plaintiff's efforts to convert the debt owed by defendants into stock, and further directing issuance of shares to plaintiff. *See* Docket Entry ("DE") [20]. Subsequently, as neither defendant answered or otherwise appeared in this matter, the Clerk of the Court noted defendants' default on May 14, 2015. *See* DE [23].

Over a year later, Plaintiff's counsel, in response to the Court's request for a status report, represented that it had been unable to complete the conversion process and would opt instead to seek monetary redress through a default judgment. *See* DE [25]. Currently before the Court is KBM's motion for a default judgment against both defendants.

KBM seeks recovery pursuant to three convertible promissory notes executed by the Corporate Defendant and issued pursuant to three Securities Purchase Agreements. The first note for $30,500 was executed on July 29, 2014 (the "July Note"), the second for $64,000 was

executed on October 14, 2014 (the "October Note"), and the third for $43,000 executed on November 11, 2014 (the "November Note"). Each Note provides that, in the event of default, the Corporate Defendant shall pay KBM an amount equal to the default sum multiplied by two (2). Accordingly, KBM seeks the default sum of the total of the loans, $137,500, multiplied by two as liquidated damages, for a total award of $275,000. Upon review of the submissions, the Court concludes that KBM has established its entitlement to a default judgment in the amount sought as to the Corporate Defendant.

The liability of the Individual Defendant is premised upon his execution on November 12, 2014 of a limited guarantee "whereby he absolutely and unconditionally guaranteed the payment of all of the Corporate Defendant's obligations under[] the Notes." Affidavit of Seth Kramer, ¶7; *see also* Complaint ¶19, DE [1]. Although the limited guarantee explicitly mentions only the November Note, it further provides that the Individual Defendant is responsible to make "all payments accruing under the Note (or damages in lieu thereof)." Limited Guarantee, Kramer Aff., Ex. G. All three Notes contain Cross-Default provisions stating that a default under one Note and Agreement may be considered as a default under the others. By operation of this provision in the November Note, the Individual Defendant's guarantee extends to all the Notes and entry of a default judgment against him is also warranted.

The motion for a default judgment is granted. Judgment shall be entered against defendants Revolutions Medical Corporation and Rondald Wheet in the amount of $275,000.

SO ORDERED.

s/Leonard D. Wexler
_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       November 15, 2016